UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| OLIVER FIGUEROA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-140 |
| | § | |
| MARINE INSPECTION SERVICES, LLC, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Plaintiff, Oliver Figueroa (Figueroa) sustained injuries and burns when performing hot work on the vessel, MOC 10, while it was in dry dock on March 18, 2013. He has sued Defendant Marine Inspection Services, LLC (Marine Inspection) based on its responsibility for permitting and monitoring hot work on the vessel. He has also sued Defendant Third Coast Towing, LLC (Third Coast), the owner of the vessel, alleging that the vessel was unseaworthy. He charges both Defendants with negligence and negligence per se under the general maritime law and/or Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 905(b) and/or Texas common law. D.E. 1-5. Figueroa filed his case in state court, reciting jurisdiction under the saving to suitors clause of 28 U.S.C. § 1333(1) and requesting a jury trial. *Id.*

Defendants timely removed the case to this Court arguing that, under 28 U.S.C. § 1441(a), removal is permitted on the sole basis of this Court's original jurisdiction over maritime claims. Pending before this Court is Figueroa's Motion to Remand (D.E. 6), urging that: (1) original maritime jurisdiction does not attach because the incident took

1 / 8

place when the vessel was dry docked on land, not in navigable waters; and (2) removal may not be based solely on federal court maritime or admiralty jurisdiction. For the reasons set out below, the Motion to Remand is GRANTED.

### A. This Court Has Maritime Jurisdiction: The Dry Dock Was In Navigable Waters.

Maritime jurisdiction exists when: (1) the tort involves a vessel on navigable water; (2) the incident has "a potentially disruptive impact on maritime commerce;" and (3) the general character of the incident bears a "substantial relationship to traditional maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995); *Scarborough v. Clemco Industries*, 391 F.3d 660, 663 (5th Cir. 2004). Defendants have briefed all three factors, relying in part on the historical treatment of the type of claims made in Plaintiff's Original Petition (D.E. 1-5). *See generally*, *Taylor v. Kennedy Engine, Inc.*, 861 F.2d 127, 129 (5th Cir. 1988) (repair of a vessel in dry dock is a maritime function); *Warner v. Travelers Ins. Co.*, 332 S.W.2d 789, 792 (Tex. Civ. App.—Houston [1st Dist.] 1960, writ ref'd n.r.e.) (repair of a vessel in navigable waters is a maritime function).

Figueroa challenges only the first factor: whether the vessel was on navigable water at the time of the incident. Figueroa correctly observes that the burden of proof is on Defendants, the removing parties. *E.g, Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995) (the removing party bears the burden of demonstrating federal jurisdiction). Figueroa offers only an unauthenticated, unexplained internet picture of the John Bludworth Shipyard as raising the issue that "The dry dock appears to be on land,

2 / 8

not water." D.E. 6, p. 4. Yet he concedes that if the dry dock on which the incident occurred were determined to be a floating dry dock, it would be in navigable waters sufficient to trigger general admiralty jurisdiction. D.E. 6, p. 2, n.1. *See also, Avondale Marine Ways, Inc. v. Henderson*, 201 F.2d 437 (5th Cir.), *aff'd*, 346 U.S. 366, 367 (1953) (per curiam; Burton, J., concurring) (floating dry docks, graving docks, and marine railways are all considered to be in navigable waters); *Flowers v. Travelers Ins. Co.*, 258 F.2d 220 (5th Cir. 1958) (injury on floating dry dock occurs in navigable waters).

Defendants have responded with the Declaration of James Bell. D.E. 7-1, 8-1. Bell testifies that he has personal knowledge of the John Bludworth Shipyard dry dock and that it is "a floating dock located in [the] Corpus Christi ship channel and is not situated on land." *Id*. As there is no controverting evidence, the Court FINDS that the incident occurred on a floating dry dock on navigable waters and that this incident satisfies the requirements of maritime jurisdiction under 28 U.S.C. § 1333(1) and *Grubart*.

The Court rejects Figueroa's first argument and concludes that the claims fall within this Court's maritime jurisdiction. However, the case does not fall within this Court's "original" maritime jurisdiction, a distinction that is crucial to the determination of removability, discussed below.

## B. The Law Requires An Independent Jurisdictional Basis When Claims Fall Within the Saving to Suitors Clause.

While this Court's maritime or admiralty jurisdiction would permit adjudication of Figueroa's claims had he filed them here, it is a different question whether Defendants

have the right to remove those claims to this Court in disregard of Figueroa's chosen state forum. Historically, such claims have not been subject to removal absent an independent basis for federal jurisdiction. This was the result whether the court relied on the language of the removal statute (28 U.S.C. § 1441) or the saving to suitors clause of the jurisdictional statute (28 U.S.C. § 1333).

Defendants rely on *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772 (S.D. Tex. 2013) (addressing FEDERAL COURTS JURISDICTION AND VENUE CLARIFICATION ACT OF 2011, § 105, Pub. L. No. 112–63, 125 Stat. 758). The *Ryan* opinion concluded that the amendment of § 1441(b) of the removal statute on December 7, 2011, eliminated the requirement of a separate jurisdictional trigger for maritime cases. Under *Ryan*, saving to suitors claims are removable simply by virtue of arising out of admiralty or maritime fact scenarios. This Court disagrees with the holding in *Ryan*. *See Rogers v. BBC Chartering America, LLC*, 2014 WL819400 at *1 (S.D. Tex. March 3, 2014) ("maritime cases filed in state court cannot be removed to federal court unless an independent basis for federal jurisdiction exists"; "Nothing in the 2011 amendments to the removal statutes altered this traditional understanding").

The key to the treatment of maritime cases involving saving to suitors claims lies in 28 U.S.C. § 1441(a)—predicate eligibility. To be eligible for removal, a case must fall within the "original jurisdiction" of the federal courts:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have ***original jurisdiction***, may be removed by the defendant or the defendants, to the district

    court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).

  While the district courts generally have "original jurisdiction" over admiralty or maritime cases, the saving to suitors clause exempts from that "original jurisdiction" "all other remedies to which [suitors] are otherwise entitled." 28 U.S.C. § 1333(1). Any remedy, such as a right to a jury trial,[1] that does not fall within the traditional admiralty or maritime jurisdiction thus is not subject to "original jurisdiction" as defined by § 1333. If it is not subject to "original jurisdiction," it is not removable under § 1441. The amendment to § 1441(b) did not address the "original jurisdiction" requirement.

  The *Ryan* opinion has been followed by several trial courts within the Fifth Circuit.[2] These courts did not address the fact that removal of saving to suitors clause claims could allow defendants—unilaterally—to eliminate a plaintiff's right to a jury trial. This is a deprivation ostensibly preserved by the saving to suitors clause.[3] The only

---

[1] Admiralty jurisdiction does not extend to claims at law made against defendants *in personam*. *E.g.*, *Luera v. M/V Alberta*, 635 F.3d 181, 194 (5th Cir. 2011).

[2] *See, Provost v. Offshore Service Vessels, LLC*, No. 14-89-SDD-SCR, 2014 WL 2515412 (M.D. La. June 4, 2014); *Garza v. Phillips 66 Co.*, No. 13-742-SDD, 2014 WL 1330547 (M.D. La. Apr. 1, 2014); *Harrold v. Liberty Insurance Underwriters, Inc.*, No. 13-762-JJB-SC, 2014 WL 688984 (M.D. La. Feb. 20, 2014); *Carrigan v. M/V AMC Ambassador*, No. H-13-03208, 2014 WL 358353 (S.D. Tex. Jan. 31, 2014); *Bridges v. Phillips 66 Co.*, No. 13-477-JJB, 2013 WL 6092803 (M.D. La. Nov. 19, 2013); *Wells v. Abe's Boat Rentals Inc.*, No. H-13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013).

[3] Figueroa's *in personam* claims brought at law in state court entitle him to a jury trial. *E.g.*, *Luera v. M/V Alberta*, 635 F.3d 181, 188 (5th Cir. 2011). Had Figueroa originally filed his claim in this Court pursuant to its maritime jurisdiction alone, he would not be entitled to a jury trial. *Id*.

> If a claim is pleaded under diversity jurisdiction, the rules of civil procedure will apply, and the parties will be guaranteed, under the Seventh Amendment, a right to have the claim tried by a jury. *Atl. & Gulf Stevedores*, 369 U.S. at 360, 82 S.Ct. 780. If the claim is pleaded under admiralty jurisdiction, however, the plaintiff will invoke "those historical procedures traditionally attached to actions

decision that recognized the jury trial issue did so only indirectly, acknowledging that the plaintiff had not made a jury demand. *Provost v. Offshore Service Vessels, LLC*, No. 14-89-SDD-SCR, 2014 WL 2515412 (M.D. La. June 4, 2014). In *Perio v. Titan Maritime, LLC,* No. H-13-1754, 2013 WL 5563711 (S.D. Tex. Oct. 8, 2013), the jury trial issue was identified and the parties were ordered to provide additional briefing. However, the subsequent removal decision was based on unrelated grounds. *Perio v. Titan Maritime, LLC*, No. H-13-1754, 2013 WL 6654239 (S.D. Tex. Dec. 17, 2013).

Figueroa has invoked the saving to suitors clause and has made a jury demand. D.E. 1-5. Three of the four cases[4] that reject the *Ryan* holding do so on the argument that the saving to suitors clause preserves the plaintiff's right to a jury trial in state court by "prohibiting" removal. *Pierce v. Parker Towing Co., Inc.*, No. 14-00073-KD-N, 2014 WL 2569132 (S.D. Ala. June 9, 2014); *Barry v. Shell Oil Co.*, No. 13-6133, 2014 WL 775662 (E.D. La. Feb. 25, 2014); *Coronel v. AK Victory*, No. C13-2304JLR, 2014 WL 820270 (W.D. Wash. Feb. 28, 2014).

While this Court agrees with the result of these cases, this Court finds that the saving to suitors clause does not "prohibit" removal. The saving to suitors clause has never prevented removal of such claims based on federal question or diversity

---

in admiralty." *Durden v. Exxon Corp.*, 803 F.2d 845, 849 n.10 (5th Cir. 1986). One of the historical procedures unique to admiralty is that a suit in admiralty does not carry with it the right to a jury trial. *Waring v. Clarke*, 46 U.S. 441, 460, 5 How. 441, 12 L.Ed. 226 (1847); see also *Becker v. Tidewater, Inc.*, 405 F.3d 257, 259 (5th Cir. 2005).

[4] The fourth case, *Gabriles v. Chevron USA, Inc*., No. 2:14-00669, 2014 WL 2567101 (W.D. La. June 6, 2014), relies on the saving to suitors clause without express reference to the right to a jury trial.

jurisdiction.  Rather, it is the requirement of "original jurisdiction" that makes these cases ineligible for removal.

The Fifth Circuit has stated that the saving to suitors clause "exempts" a case from removal, yet does not guarantee a plaintiff a state forum if there is an independent basis for federal jurisdiction:

> [E]ven though federal courts have original jurisdiction over maritime claims under 28 U.S.C. § 1333, they do not have removal jurisdiction over maritime cases which are brought in state court. *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377–79, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).  Instead, such lawsuits are exempt from removal by the "saving-to-suitors" clause of the jurisdictional statute governing admiralty claims, *see id.*, and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship. *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991).

*Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 219 (5th Cir. 2013).

> As a primary matter, this court has emphasized that "the saving to suitors" clause under general maritime law "does not guarantee [plaintiffs] a nonfederal *forum*, or limit the right of defendants to remove such actions to federal court where there exists some basis for federal jurisdiction other than admiralty." *Tenn. Gas [Pipeline v. Houston Cas. Ins.]*, 87 F.3d [150], 153 [(5th Cir.1996)] (emphasis in original). Instead, removal of maritime cases is permissible as long as there is an independent basis for federal jurisdiction. *See id*.

*Barker,* at 220.  It is the necessity of "original jurisdiction" that reconciles the concept of the saving to suitors clause "exempting" a case from removal, yet not guaranteeing a plaintiff a state forum.

While this Court would have "original jurisdiction" pursuant to 28 U.S.C. § 1333 over Figueroa's claims had he filed them here (waiving his right to a jury trial), "original

jurisdiction" evaporated when he filed his action in state court, making the claims non-removable on the basis of admiralty jurisdiction. There is no separate basis for federal jurisdiction in this case so removal is improper. This Court finds that requiring an independent jurisdictional basis for removal operates to preserve the right to a jury trial in what would otherwise be an admiralty claim entitled only to a bench trial, s*ee generally, Luera, supra* at 193-96.

## CONCLUSION

For the reasons set out above, the Court GRANTS Plaintiff's Motion to Remand (D.E. 6) and remands this action to the County Court at Law No. 1, Nueces County, Texas, the court from which it was removed.

ORDERED this 1st day of July, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE